**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| MORGAN E&P, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BAKKEN PARTNERS I, LLC,<br><br>    Defendant. | Case No. |

## COMPLAINT

Plaintiff, Morgan E&P, Inc. ("Morgan"), by and through its undersigned counsel, for its Complaint against Defendant, Bakken Partners I, LLC ("Bakken Partners"), alleges as follows:

### NATURE OF THE CASE

1. This is an oil and gas breach-of-contract and lien foreclosure action concerning two oil and gas wells in Billings County, North Dakota, which are operated by Morgan. The parties' rights and obligations concerning the two oil and gas wells are governed by a joint operating agreement ("JOA").

2. For over a year and a half, Bakken Partners has deliberately evaded its obligations under the JOA and sought to undermine Morgan's efforts to operate the wells. This conduct has resulted in two separate breaches of the JOA, as well as an abuse of certain administrative agency proceedings in North Dakota. Bakken Partners has failed to pay $1,391,254.07 in costs to drill, complete, and operate the wells. It has also filed a petition with the North Dakota Industrial Commission ("NDIC")—the State's oil and gas agency—requesting that the agency remove Morgan as the operator of the wells and replace it with Bakken Partners. The attempt to enlist the

NDIC in removing Morgan as operator of the wells constitutes a direct violation of the JOA's clear procedures for challenging Morgan's position as operator and an intentional misuse of the NDIC's administrative process.

3.      Thus, Morgan files this action for breach of the JOA, abuse of process, and, in the alternative, foreclosure of the oil and gas lien that burdens Bakken Partners' oil and gas leasehold interest in the wells.

## THE PARTIES

4.      Morgan is incorporated in the State of Delaware with its principal place of business located at 700 Louisiana Street, 41st Floor, Houston, Texas 77002. Morgan is a citizen of the State of Texas and the State of Delaware.

5.      Bakken Partners is a Delaware limited liability company with its principal place of business located at 6815 Poplar Avenue, Suite 215, Germantown, Tennessee 38138. Based upon the contracts executed between Bakken Partners and Morgan and publicly available company records, the members of Bakken Partners are William Daniel Patterson and Richard Desich. Mr. Patterson is a resident of Tennessee and based upon Morgan's review of publicly available documents and a LexisNexis SmartLinx People Report, Mr. Desich is not a resident of Texas or Delaware. As a result, Bakken Partners is not a citizen of the State of Texas or the State of Delaware.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Morgan and Bakken Partners are not citizens of the same states. Further, as alleged below, the amount in controversy exceeds the statutory threshold of $75,000.00.

7.      This Court has personal jurisdiction over the parties pursuant to the parties' JOA. In the JOA, Morgan and Bakken Partners "consent[ed] to personal jurisdiction in any action brought in United States federal courts located in the State of Texas with respect to any dispute, claim, or controversy arising out, in relation to, or in connection with" the JOA.

8.      Venue is also proper in this Court under 28 U.S.C. § 1391(b)(3) since the JOA provides that venue for any dispute, controversy, or claim between the parties must be "instituted exclusively in the United States District for the Southern District of Texas, Houston Division," and Bakken Partners has consented to personal jurisdiction.

## FACTUAL BACKGROUND

### A. Morgan and the JOA

9.      Morgan is a start-up oil and gas company focused on developing upstream oil and gas assets in North Dakota.

10.      In the spring of 2023, Morgan and Pro Energy I LLC ("Pro Energy") agreed to develop certain oil and gas leasehold assets within a large area of mutual interest encompassing parts of Billings, Dunn, and Stark counties, North Dakota ("AOI").

11.      On or around May 12, 2023, Morgan and Pro Energy entered into a series of related contracts, which governed the acquisition, development, and operation of the oil and gas leasehold assets in the AOI, including the JOA.

12.      Under the JOA, Morgan assumed the role of operator for the Baranko #1-28H and the Obrigewitch #1-33H wells located in Section 28, Township 142 North, Range 98 West, Billings County, North Dakota (the "Wells"), and became responsible for drilling, completing, and operating the Wells.

### B. Bakken Partners' Investment in the Wells

13.     Following Morgan's execution of its agreements with Pro Energy, Morgan sought to sell a portion of its oil and gas leasehold interest in the wellbores of the Wells, which is known as a wellbore interest.

14.     In mid-2023, Morgan and Bakken Partners began discussing Bakken Partners' possible acquisition of a wellbore interest in the Wells.

15.     On or around November 30, 2023, Morgan and Bakken Partners entered into and executed an Amended and Restated Purchase and Sale Agreement ("PSA").

16.     The PSA outlined Bakken Partners' purchase of a portion of Morgan's working interest in the wellbores of the Wells (the "Wellbore Interest").

17.     The PSA also set forth Bakken Partners' agreement to (a) become a participating working interest owner subject to the terms and provisions of the JOA, and (b) pay its proportionate share of the costs to drill, complete, and operate the Wells.

18.     At the time the parties executed the PSA, Morgan was in the process of drilling the Wells.

### C. Bakken Partners' Payment Obligations under the JOA

19.     The JOA obligates Bakken Partners to pay within 15 days all invoices or joint interest billings ("JIBs") rendered by Morgan regarding Bakken Partners' proportionate share of the Wells' drilling, completion, and operating costs. If payment is not timely made, the unpaid balance becomes immediately due and owing and begins accruing interest, compounded monthly, at the prime rate published by the *Wall Street Journal*, plus 3% per annum. Morgan is also entitled to recover any attorneys' fees and costs it may incur in collecting any unpaid JIBs.

4

20.    To ensure the timely billing and transmission of the JIBs to Bakken Partners and other nonoperating working interest owners in the Wells, Morgan contracted for the services of Opportune LLP ("Opportune"), a payment and accounting firm.

21.    Opportune uploaded the JIBs electronically to a website called EnergyLink, which is widely used in the oil and gas industry for the invoicing and payment of drilling, completion, and operating costs.

22.    Bakken Partners was fully aware of Morgan's use of EnergyLink as the vehicle for transmitting JIBs for payment. Morgan explicitly informed Bakken Partners via e-mail and teleconference that Bakken Partners could locate and download all JIBs through EnergyLink.

**D.  Bakken Partners' Failure to Pay Its JIBs and Improper Interference**

23.    Morgan drilled and completed the Wells over the course of late 2023 and early 2024.

24.    In accordance with the PSA, Bakken Partners paid $5,600,000 in drilling and completion costs for the Wells. This payment satisfied Bakken Partners' obligation to pay its proportionate share of the Wells' drilling and completion costs through January 2024. The payment did not cover any operational costs or any future expenses for the Wells.

25.    In February 2024, Bakken Partners ceased paying its share of the costs to drill, complete, and operate the Wells. Since that time, Bakken Partners has not paid its proportionate share of the Wells' drilling and completion costs. Nor has Bakken Partners paid any operating or other costs attributable to the Wells.

26.    The Wells produced oil and gas between January and July 2024. Morgan, however, was eventually forced to shut-in the Wells by the end of the summer in 2024 because of downhole operational issues. These downhole issues were not caused by Morgan.

27.     To return the Wells to production, additional reworking operations were necessary. Bakken Partners' failure to adhere to its contractual commitment to pay for its proportionate share of the costs to drill, complete, and operate the Wells undermined Morgan's ability to rework the Wells without locating additional sources of funding.

28.     In August 2024, Morgan retained an investment bank to either locate potential buyers for its working interest in the Wells and the leasehold in the surrounding AOI or secure substantial additional investment. Morgan informed Bakken Partners of its efforts to market its working interests and offered Bakken Partners the opportunity to include its Wellbore Interest in the sales process.

29.     Between August 2024 and January 2025, Morgan worked diligently with the investment bank to locate a buyer or additional sources of investment.

30.     Bakken Partners not only declined to participate in the sale process but would purposefully attempt to frustrate Morgan's marketing efforts.

31.     On January 31, 2025, Bakken Partners contacted Morgan's investment bank handling the marketing process and alleged that Morgan had refused to provide it with adequate information as a working interest owner. Although Bakken Partners' allegation was unfounded, it then proceeded to inform the investment bank that Bakken Partners was planning to sue Morgan and "all individuals involved, both past and present" to "challenge any transactions related to our shared investment."

32.     Despite Bakken Partners' interference, Morgan continued discussions with a potential buyer introduced by the investment bank through May 2025.

33.    As of June 2025, Bakken Partners owes Morgan $1,391,254.07, excluding all accrued interest, after offsetting the production revenues attributable to Bakken Partners' Wellbore Interest against its unpaid JIBs.

**E.    Bakken Partners' Abuse of the NDIC Process to Remove Morgan as Operator**

34.    Bakken Partners' disregard for its contractual commitments, however, is not limited to its persistent failure to pay its share of the costs for the Wells.

35.    On June 18, 2025, Bakken Partners filed a petition with the NDIC requesting that the agency remove Morgan as operator of the Wells and replace it with Bakken Partners (the "Petition").

36.    At the time Bakken Partners filed the Petition, it was fully aware that its only potential option for removing Morgan as operator of the Wells was to follow the operator-removal procedures laid out in the JOA.

37.    Bakken Partners was also fully aware that the NDIC's regulations do not authorize a petition to remove an operating party that is operating a well that has been drilled and completed. Likewise, Bakken Partners knew that the NDIC could not remove Morgan as operator since Morgan's removal is governed by the JOA.

38.    Instead of attempting to pursue removal under the JOA, Bakken Partners sought to circumvent the JOA through the Petition in direct violation of its contractual commitments.

39.    As a result of Bakken Partners' deliberate breach of the JOA, Morgan has been forced to incur significant costs, including attorneys' fees, to defend against Bakken Partners' improper Petition before the NDIC.

40.    Once again, in spite of Bakken Partners' continued interference, Morgan persisted in its effort to secure additional investment to rework the Wells. In August 2025, Morgan secured

7

a $3 million loan to rework the Wells and return them to production. As of October 2025, Morgan succeeded in returning the Wells to producing status.

41.    All conditions precedent to filing this action have been satisfied.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract – Failure to Pay JIBs)

42.    Morgan incorporates all allegations in the foregoing paragraphs as if fully set forth herein.

43.    The JOA is a binding and enforceable contract between Morgan and Bakken Partners.

44.    Under the JOA, the parties agreed that Morgan would drill, complete, and operate the Wells. Further, Morgan and Bakken Partners agreed that each party would pay its proportionate share of the costs to drill, complete, and operate the Wells.

45.    At all relevant times, Morgan performed its obligations under the JOA, including by drilling, completing, and operating the Wells in accordance with the standards and requirements set forth in the JOA.

46.    Bakken Partners has breached the JOA by failing to pay $1,391,254.07 in past due JIBs, which is the amount due and owing as June 2025, excluding all accrued interest.

47.    Morgan has been damaged because of Bakken Partners' breach in the amount of $1,391,254.07, which continues to accrue interest at the rate specified in the JOA. Morgan is also entitled to collect its attorneys' fees and costs incurred in pursuing this action under the JOA.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract – Failure to Abide by Change in Operatorship Terms)

48.    Morgan incorporates all allegations in the foregoing paragraphs as if fully set forth herein.

49. The JOA is a binding and enforceable contract between Morgan and Bakken Partners.

50. At all relevant times, Morgan performed its obligations under the JOA in accordance with the standards and requirements set forth in the JOA, including by drilling, completing, and operating the Wells.

51. Bakken Partners filed its Petition to circumvent the operator-removal provisions in the JOA, which constitutes a direct violation of the JOA.

52. Morgan has had little option but to incur the time and expense, including incurring significant attorneys' fees, to defend against Bakken Partners' total disregard of Morgan's rights under the JOA.

53. Bakken Partners' failure to abide by the JOA's terms has damaged Morgan in an amount to be proved at trial. Morgan is also entitled to the collection of pre- and post-judgment interest, attorneys' fees and costs, and other such relief as may be available under the law.

**THIRD CLAIM FOR RELIEF**
**(In the Alternative, Foreclosure of Oil and Gas Lien)**

54. Morgan incorporates all allegations in the foregoing paragraphs as if fully set forth herein.

55. The JOA is a binding and enforceable contract between Morgan and Bakken Partners.

56. Under the JOA, Bakken Partners granted Morgan a "lien upon any interest it now owns or hereafter acquires in the Oil and Gas Leases and Oil and Gas Interests in the Contract Area . . . ." This lien extends to Bakken Partners' Wellbore Interest in the Wells.

57.     The JOA provides that Morgan's lien on Bakken Partners' Wellbore Interest exists "to secure [Bakken Partners'] performance of all its obligations under [the JOA] including but not limited to the payment of expense, interest and fees . . . ."

58.     Morgan perfected its lien in Bakken Partners' Wellbore Interest by filing a Memorandum of Operating Agreement and Financing Statement in the real property records of the County Clerk and Recorder for Billings County, North Dakota.

59.     Bakken Partners has breached the JOA by failing to timely pay $1,391,254.07 in past due JIBs.

60.     Therefore, Morgan is entitled to foreclose its lien on Bakken Partners' Wellbore Interest and seeks a judicial decree directing the sale of the Wellbore Interest to satisfy the amounts Bakken Partners owes to Morgan, including all applicable interest, attorneys' fees, and costs.

**FOURTH CLAIM FOR RELIEF**
**(Abuse of Process – Improper Use of the Petition)**

61.     Morgan incorporates all allegations in the foregoing paragraphs as if fully set forth herein.

62.     Bakken Partners' Petition made improper use of North Dakota's Administrative Code Section 43-02-03-16.1, which allows for the NDIC to address a "dispute over designation of the operator." N.D. ADMIN. CODE § 43-02-03-16.1.

63.     This regulation is applied in the context of the permitting stage of oil and gas facilities in North Dakota and is not applied to remove operators when the wells have already been drilled, completed, and operated. Morgan had been designated as operator of the Wells for more than two years by the time Bakken Partners filed the Petition.

64.     Bakken Partners elected to file the Petition to remove Morgan as operator of the Wells with knowledge that the JOA governs this dispute and outlines clear procedures concerning the removal of Morgan as operator of the Wells.

65.     In pursuing the Petition, Bakken Partners had the ulterior purposes of causing Morgan a loss of reputation before the NDIC and circumventing the procedures of the JOA, which Bakken Partners was fully aware govern the removal of Morgan as operator.

66.     Morgan has incurred damages because of Bakken Partners' improper use of the NDIC administrative process in filing and pursuing the Petition, including loss of reputation as a prudent operator before the NDIC and attorneys' fees and costs.

### REQUEST FOR RELIEF

WHEREFORE, Morgan requests the following relief:

A.      An order determining that Bakken Partners breached the JOA by failing to timely pay $1,391,254.07 in costs as required by the JOA, and requiring Bakken Partners to compensate Morgan for all damages it incurred as a result of Bakken Partners' breach of the JOA in an amount to be proved at trial, including the award of all amounts owed under the JOA, attorneys' fees and costs incurred in bringing this action, prejudgment and post-judgment interest, and such other relief as is just and equitable;

B.      An order determining that Bakken Partners willfully breached the JOA by filing a petition to remove Morgan as operator with the NDIC, and requiring Bakken Partners to compensate Morgan for all damages it incurred as a result of Bakken Partners' breach of the JOA in an amount to be proved at trial, including the award of attorneys' fees and costs incurred by Morgan in defending against the Bakken

11

Partners' Petition and in bringing this action, prejudgment and post-judgment interest, and such other relief as is just and equitable;

C. An order foreclosing Morgan's oil and gas lien burdening Bakken Partners' Wellbore Interest in the Wells and directing the sale of said Wellbore Interest as provided by North Dakota statutes and the application of the proceeds thereof to the amount adjudged to be due and owing to Morgan;

D. An order declaring that Morgan is entitled to a judgment against Bakken Partners for any deficiency which shall remain after applying the proceeds of the sale of Bakken Partners' Wellbore Interest in the Wells to the amount adjudged to be due and owing to Morgan;

E. An order determining that Bakken Partners abused the NDIC's administrative process in filing the Petition, and requiring Bakken Partners to compensate Morgan for all damages it incurred as a result of Bakken Partners' abuse of process in an amount to be proved at trial, including the award of attorneys' fees and costs incurred by Morgan in defending against the Bakken Partners' Petition and in bringing this action, prejudgment and post-judgment interest, and such other relief as is just and equitable;

F. An order awarding Morgan its costs, disbursements, and attorneys' fees as may be allowed by law; and

G. For such other and further relief as the Court may deem just and equitable.

Dated this 21st day of October, 2025.

Respectfully submitted,

*/s/ Andrew K. Glenn*

Andrew K. Glenn
Attorney-in-Charge
Texas Bar No. 24134165
S.D. TX Bar No. 3936457
BEATTY & WOZNIAK, P.C.
1675 Broadway Street, Suite 600
Denver, Colorado 80202
Telephone: (303) 407-4499
Facsimile: (800) 886-6566
E-mail: aglenn@bwenergylaw.com

*Attorney for Morgan E&P, Inc.*